IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                               PLAINTIFF

V.                          4:21-CR-00147-01-LPR

AUGUSTUS SHENKER                                       DEFENDANT

MOTION FOR CONTINUANCE

Comes Augustus Shenker, through counsel, and for his Motion for Continuance states:

1. This matter is scheduled for trial beginning on May 24, 2022. For the following reasons, Shenker seeks a continuance. He is authorized to state that the government, through AUSA Kristin Bryant, has no objection to the continuance request.

2. The first reason is that medical tests on Shenker probably will not have been completed. Shenker suffered a stroke *in utero* which left him with certain brain damage and noticeable physical disabilities. The neurologist retained by the defense needs certain complex brain scans to be performed to determine the existence of and extent of damage to parts of his brain which may have governed, or significantly influenced, the accused conduct. The efforts to arrange these tests

1

have consumed months because of the need to find a place in Arkansas or otherwise nearby which has the particular equipment.[1] This has been a frustrating experience, but it appears that a location with the appropriate equipment has been found. When confirmed and available dates ascertained, counsel will file a motion seeking that Shenker be transported there. Counsel has offered to provide copies of the emails involving the making arrangements for the tests to the government and is willing to provide them to the Court as well.

3. The second reason is that negotiations for resolution of this matter are ongoing. The complicating factor is that the actual conduct depicted on the items allegedly produced by Shenker will likely also qualify as offenses prosecutable only in state court. Based on Arkansas precedent, these actions would fall within the exception to the state statutory double jeopardy prohibition. In this exception to statutory double jeopardy, successive federal and state prosecutions are permitted if the latter prosecution is for a "substantially different harm or evil" than the federal prosecution. Ark. Code Ann. § 5-1-113(1)(b)(i). See also *Winkle v. State*, 366 Ark. 318 235 S.W.3d 482 (2006). Thus in this case, a negotiated resolution is practicable only if both federal and state authorities are onboard with the resolution. As of a

---

[1] Shenker has been detained, and thus will have to be transported by the Marshal, to such test.

week ago, the Pulaski prosecuting attorney had not received a law enforcement file on the case despite the involvement of state law enforcement personnel in the matter. That situation is being ameliorated.

4. Of course, it is stipulated that the period of continuance is an excluded period for purposes of speedy trial calculations.

WHEREFORE, Shenker prays that a continuance be granted.

AUGUSTUS SHENKER

/s/ Jeff Rosenzweig

_____
JEFF ROSENZWEIG
Arkansas Bar No. 77115
300 Spring St., Suite 310
Little Rock, AR 72201
(501) 372-5247
jrosenzweig@att.net
*Attorney for Defendant*
