IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                              4:21-CR-00147-01-LPR

AUGUSTUS SHENKER                                            DEFENDANT

### SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE OR VARIANCE

Comes the Defendant, Augustus Shenker, through his attorney, Jeff Rosenzweig and for his SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE OR VARIANCE states:

Shenker recognizes that he committed serious offenses for which the law prescribes a significant loss of liberty, and he has taken responsibility for that. Although the Sentencing Guidelines recommend a life sentence, the statutory sentence ranges for the three offenses of conviction are from 15 to 30 years each. Thus the Court can fashion an appropriate sentence anywhere from 15 to 90 years. The government has publicly announced an intention to seek the maximum sentence. But under the unusual circumstances of this particular defendant, a sentence of such length is wholly inappropriate. Rather, the Court should— by either downward departure or variance— sentence Shenker to a sentence at the lower end of the

1

statutory range for the reasons set forth in this motion.

First, there is the question as to whether the apparently mandatory language of 28 USC § 3553(b)(2) has survived the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), and its progeny vitiating the previously mandatory nature of the Guidelines. In *United States v. O'Connor*, 567 F.3d 395 (8th Cir. 2009), the Eighth Circuit appeared to recognize that § 3553(b)(2) should not be considered mandatory, citing *United States v. Selioutsky*, 409 F.3d 114, 116-17 (2d Cir.2005) and *United States v. Yazzie*, 407 F.3d 1139, 1144 (10th Cir.2005). Other circuits have also so held. *United States v. Hecht*, 470 F.3d 177 (4th Cir. 2006); *United States v. Grigg*, 442 F.3d 560 (7th Cir. 2006); *United States v. Shepherd*, 453 F.3d 702 (6th Cir. 2006). Therefore, this Court should treat this matter as it would a § 3553(a) case.

The § 3553(a) factors most salient in this case are:

> (a)Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (**1**)**the nature and circumstances of the offense and the history and characteristics of the defendant;** (*emphasis supplied*)
> (2)the need for the sentence imposed—
> (A)to reflect the seriousness of the offense, to promote

> respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) **to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;** (*emphasis supplied*)

Shenker's case is highly unusual and meets the downward departure criteria of Guidelines §5K2.22, §5H1.1 and §5H1.4 as discussed below. He had a stroke *in utero* and, as a result, suffers from cerebral palsy. It is uncontested that the MRI of his brain is highly abnormal, to the extent that such an injury suffered in adulthood would be expected to result in the person requiring around-the-clock care. However, because of the age in which the injury was suffered, the phenomenon of neuroplasticity has allowed other parts of his brain to take over certain functions. However, neurological science has not yet sufficiently advanced that it is able to attribute a particular behavior to a particular location on the injured brain. Thus we simply do not know the if, or the extent to which, the injury to his brain caused the conduct at issue here. Moreover, he was just 20 (almost 21) years old at the time he committed these offenses.[1]

---

[1] It was discovered in the course of this case that there had been a child pornography "hit" on his computer when Shenker was a mid-teenager. However,

Thus Shenker is presented to this Court for sentencing as a very young man with an indisputable history of brain damage. Although the statutory range provides for serious deprivations of liberty, a *de facto* life sentence is not appropriate in this case.

But even if the Court believes itself bound by the restrictions of 28 USC § 3553(b)(2), Shenker nonetheless is entitled to a departure or variance. The statute provides:

> (2)Child crimes and sexual offenses.—
> (A) Sentencing.—In sentencing a defendant convicted of an offense under section 1201 involving a minor victim, an offense under section 1591, or an offense under chapter 71, 109A, 110, or 117, the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless—
> (i)the court finds that there exists an aggravating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence greater than that described;
> **(ii)the court finds that there exists a mitigating circumstance of a kind or to a degree, that—**
> **(I)has been affirmatively and specifically identified as a permissible ground of downward departure in the sentencing guidelines or policy statements issued under**

---

apparently it fell through the cracks, and thus there was no law enforcement follow-up which would have alerted his family. Had there been such follow-up, his family could and would have provided the treatment which likely would have prevented these offenses.

> **section 994(a) of title 28, taking account of any amendments to such sentencing guidelines or policy statements by Congress;**
>
> **(II) has not been taken into consideration by the Sentencing Commission in formulating the guidelines; and**
>
> **(III) should result in a sentence different from that described;** (*emphasis supplied*)

The relevant Guidelines dealing with this situation are:

§5K2.22 - SPECIFIC OFFENDER CHARACTERISTICS AS GROUNDS FOR DOWNWARD DEPARTURE IN CHILD CRIMES AND SEXUAL OFFENSES (POLICY STATEMENT)

In sentencing a defendant convicted of an offense involving a minor victim under section 1201, an offense under section 1591, or an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code:

(1) Age may be a reason to depart downward only if and to the extent permitted by §5H1.1.

(2) An extraordinary physical impairment may be a reason to depart downward only if and to the extent permitted by §5H1.4.

(3) Drug, alcohol, or gambling dependence or abuse is not a reason to depart downward.

This provision cross-references into §5H1.1 and §5H1.4:

§5H1.1 - AGE (POLICY STATEMENT)

Age (including youth) may be relevant in determining whether a departure is warranted, if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered

by the guidelines. Age may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration. Physical condition, which may be related to age, is addressed at §5H1.4 (Physical Condition, Including Drug or Alcohol Dependence or Abuse; Gambling Addiction).

§5H1.4 - PHYSICAL CONDITION, INCLUDING DRUG OR ALCOHOL DEPENDENCE OR ABUSE; GAMBLING ADDICTION (POLICY STATEMENT) (*Pertinent part quoted below*)

Physical condition or appearance, including physique, may be relevant in determining whether a departure is warranted, if the condition or appearance, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines. An extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.

Shenker meets both the physical condition and age criteria of the Guidelines, meeting the criteria for departure or variance even if § 3553(b)(2) were considered mandatory.

As discussed above, Shenker presents an unusual neurological situation. He is also a physically small person with a disability and unable to physically defend himself. And he was barely out of his teens at the time of commission of these admittedly serious offenses. Thus the combination of brain injury, age at offense and physical appearance— both individually and in combination— present the

unusual case in which is identified as a ground for downward departure and clearly was not taken into account in the formulation of the Guidelines.

Moreover, a variance is not unusual. The Sentencing Commission's Federal Sentencing of Child Pornography Production Offenses, issued in 2021 found:

> Child pornography production offenders generally received lengthy sentences. In fiscal year 2019, production offenders received an average sentence of almost 23 years (275 months), ranging from one year to life imprisonment. Furthermore, over three-quarters (78.0%) were convicted under a statute carrying at least a 15-year mandatory minimum penalty. A majority of child pornography production offenders, however, received a variance below the applicable guideline range (57.2% of the 512 cases).

Again, there is no question that Shenker committed serious offenses against children. As a result, the law calls for his loss of liberty for a substantial period of time. During that time, Shenker wishes to participate in sex offender treatment programs. However, because Shenker was a very young man barely out of his teens and with a proven history of an injured brain and lifelong disability, the Court should grant the degree of mercy that departure and variance jurisprudence allow and fashion a sentence that will permit him back into society at an age where he can make a contribution. A sentence of 15 years concurrent on each count is appropriate. Should the Court wish go higher than the mandatory minimum, Shenker requests that

this Court not exceed 20 years.

        AUGUSTUS SHENKER

        JEFF ROSENZWEIG
        Ark. Bar No. 77115
        300 Spring St., Suite 310
        Little Rock, AR 72201
        (501) 372-5247
        jrosenzweig@att.net